# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE ACEVEDO, on behalf of J.A., a minor**
      **Plaintiff,**

    v.                                              **Case No. 06-C-855**

**JO ANNE B. BARNHART**
**Commissioner of the Social Security Administration**
      **Defendant.**

## ORDER

Plaintiff Jose Acevedo, on behalf of J.A., a minor, brought this action seeking judicial review of the denial of J.A.'s application for social security disability benefits. Plaintiff now moves to remand the case to the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 405(g), sentence six, arguing that the record is incomplete because portions of the transcript of the administrative hearing are labeled "inaudible." The Commissioner opposes remand, arguing that the gaps are not significant for purposes of judicial review. While the parties debate the completeness of the record and the propriety of remand, I find that the statute provides me with no authority to grant such relief on plaintiff's motion.

**I.**

The exclusive methods by which a district court may remand a social security case are set forth in sentence four and sentence six of § 405(g). E.g., O'Connor v. Shalala, 23 F.3d 1232, 1233 (7th Cir. 1994) (citing Shalala v. Schaefer, 509 U.S. 292, 296 (1993)). Under sentence four, the court may remand the case for further proceedings after affirming, reversing or modifying the Commissioner's decision. 42 U.S.C. § 405(g), sentence four; Young v.

Sullivan, 972 F.2d 830, 833 (7th Cir. 1992). A sentence four remand thus constitutes a final decision on the merits of the case. See, e.g., Richmond v. Chater, 94 F.3d 263, 268 (7th Cir. 1996). Under sentence six, conversely, the district court does not rule on the merits but rather retains jurisdiction over the case and remands to allow the SSA to consider new evidence and/or reconstruct the record. Id.; Young, 972 F.2d at 833-34. Once that process is complete, the matter returns to the district court, if necessary, for a decision on the merits. See Travis v. Sullivan, 985 F.2d 919, 923-24 (7th Cir. 1993); see also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (discussing process of sentence six remand).

In the instant motion, plaintiff does not contest the Commissioner's decision on the merits. Rather, he relies solely on sentence six. Therefore, I must consider whether that provision provides authority to order a remand on plaintiff's motion.

**II.**

Sentence six of § 405(g) provides, in pertinent part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g), sentence six. Consistent with this language, the Supreme Court has held that: "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala, 509 U.S. at 297 n.2.

2

Case 2:06-cv-00855-LA   Filed 01/19/07   Page 2 of 6   Document 15

Ordinarily, sentence six remands are sought when the plaintiff desires consideration of new evidence. See, e.g., Jens v. Barnhart, 347 F.3d 209, 214 (7th Cir. 2003) (discussing the plaintiff's burden to justify remand based on new, material evidence); Johnson v. Apfel, 191 F.3d 770, 776 (7th Cir. 1999) (same); Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997) (same). In the present case, plaintiff does not allege that any new, material evidence justifies a remand. Rather, he seeks remand under the first situation mentioned in Shalala, arguing that the incompleteness of the record warrants such an order. I conclude that the statute does not permit such a remand on plaintiff's motion.

While it is clear that the Commissioner's inability to file a complete administrative record constitutes good cause for a sentence six remand under the first situation, see H.R. Rep. No. 944, 96th Cong., 2d Sess. 59 (1980), as reprinted in 1980 U.S.C.C.A.N. 1392, 1407 ("Where for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot be otherwise transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record."), under the plain language of the statute such a remand may be granted only on the Commissioner's motion, see, e.g., Flores v. Comm'r of Soc. Sec., No. 00 CIV. 737, 2001 U.S. Dist. LEXIS 3159, at *3 (S.D.N.Y. Mar. 22, 2001) (stating that a remand may in this situation be granted "only where the Commissioner's motion for a remand is made before the filing of an answer"); Gamble v. Apfel, No. 00-646, 2000 U.S. Dist. LEXIS 19791, at *2 (S.D. Ala. Nov. 21, 2000), adopted by, 2001 U.S. Dist. LEXIS 1560 (S.D. Ala. Jan. 5, 2001) ("That portion of sentence six of 42 U.S.C. § 405(g) which is pertinent to this matter has three components which must be satisfied before this Court can consider a remand; there must be (1) a motion of the Commissioner (2) made for good cause shown (3) before the filing of an answer.").

3

I have found no case where a sentence six remand due to an incomplete record was granted on the plaintiff's motion alone,[1] and plaintiff cites none. To the contrary, the cases on this issue all appear to involve motions by the Commissioner. See, e.g., Scandone v. Barnhart, No. 05-4833, 2006 U.S. Dist. LEXIS 49073 (E.D. Pa. July 18, 2006); Farstad v. Barnhart, No. A4-04-19, 2004 U.S. Dist. LEXIS 9541 (D.N.D. Mar. 25, 2004); Shipman v. Barnhart, No. 02-Civ.-6987, 2003 U.S. Dist. LEXIS 12291 (S.D.N.Y. July 14, 2003);[2] Hilderbrand v. Comm'r of SSA, No. 02-2541, 2003 U.S. Dist. LEXIS 10587 (D. Kan. June 5, 2003); Brennan v. Barnhart, No. C-02-03353, 2003 U.S. Dist. LEXIS 3372 (N.D. Cal. Mar. 5, 2003); Chamberlain v. Barnhart, No. 02-CV-4689, 2002 U.S. Dist. LEXIS 24752 (E.D. Pa. Dec. 10, 2002); Shank v. Barnhart, No. 02-0306, 2002 U.S. Dist. LEXIS 15028 (E.D. Pa. Aug. 9, 2002); Abrams v. Halter, No. 00-0416, 2001 U.S. Dist. LEXIS 6463 (S.D. Ala. Mar. 28, 2001), adopted by, 2001 U.S. Dist. LEXIS 6528 (S.D. Ala. Apr. 25, 2001); Johnson v. Apfel, No. 98-325, 1999 U.S. Dist. LEXIS 20399 (S.D. Ala. Nov. 29, 1999), adopted by, 1999 U.S. Dist. LEXIS 20402 (S.D. Ala. Nov. 30, 1999); Napier v. Apfel, No. 97-710, 1998 U.S. Dist. LEXIS 5248 (S.D. Ala. Mar. 18, 1998); see also Frost v. Barnhart, No. 02-4106, 2003 U.S. Dist. LEXIS 24474, at *4 (D. Kan. Sept. 22, 2003), adopted by, 2003 U.S. Dist. LEXIS 20803 (D. Kan. Nov. 13, 2003) (stating that "the court may remand a case pursuant to sentence six without ruling on the merits if . . . the

---

[1] Courts may grant a sentence six motion based on new, material evidence on either side's motion. See Richmond, 94 F.3d at 268 ("The prototype of a sentence six remand would be a case in which relevant new evidence had come to light since the agency's decision under appeal, and the parties asked the district court to remand the case to allow the agency to consider the case further in light of the new evidence, so that when the appeal resumed the court would have the benefit of the agency's consideration of all the relevant evidence."). However, as noted above, plaintiff does not rely on this portion of the statute.

[2] Shipman is the only case plaintiff cites on the issue.

4

Commissioner requests remand, for good cause, prior to filing her answer").[3]

Thus, I conclude that I lack the authority to order a sentence six remand based on the completeness of the record on plaintiff's contested motion. According, the motion must be denied.

**III.**

Even if I had the authority to grant remand, I would likely deny the motion on its merits. Based on my preliminary review, I do not believe that the record is insufficient for purposes of judicial review. As the Commissioner points out, several of the gaps in the hearing transcript are readily filled based on context and regulation,[4] and the rest appear insignificant. That said, plaintiff is not left without a remedy based on the denial of his sentence six motion. He is free to make any and all arguments he wishes, including arguments based on the adequacy of the record to support the Commissioner's decision, see, e.g., Novak v. Barnhart, 180 F. Supp. 2d 990, 996 (E.D. Wis. 2001) (stating that the district court must review the entire record to determine whether substantial evidence supports the decision), and the impropriety of the Commissioner's lawyers filling in gaps in the Commissioner's decision, see, e.g., Golembiewski v. Barnhart, 322 F.3d 912, 917 (7th Cir. 2003) (stating that principles of administrative law preclude the Commissioner's lawyers from advancing post hoc grounds for the decision), under sentence four of § 405(g).

---

[3]It is true that in Floyd v. Shalala, No. 93-0323, 1994 U.S. Dist. LEXIS 15657 (S.D. Ala. Aug. 24, 1993), adopted by, 1993 U.S. Dist. LEXIS 15699 (S.D. Ala. Oct. 20, 1994), the plaintiff moved to remand under sentence six for purposes of completing the record. However, in that case, the Commissioner stipulated to a sentence six remand, and the court considered it a joint motion.

[4]For example, several of the gaps in the medical expert's testimony are filled by referring to the language of the Listing he was discussing at the hearing.

5

I also believe that, in the appropriate case, the Commissioner may be exposed to sanctions if she certifies as complete a record that plainly is not. Cf. McCullough v. Apfel, 95 F. Supp. 2d 956 (S.D. Ind. 2000) (considering imposition of sanctions under Rule 11 where Commissioner lost file and did little or nothing to find or reconstruct it on sentence six remand). Although plaintiff criticizes the Commissioner for certifying the present record, I cannot conclude that such was done in bad faith under the circumstances. The identified omissions consist of a handful of inaudible portions of the hearing tape; there is no indication that the Commissioner has omitted other evidence or certified the record as complete without a reasonable, good faith basis.

**IV.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for a sentence six remand (R. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the November 16, 2006 suspension of the briefing schedule is **VACATED**. Plaintiff shall file his main brief on or before **February 20, 2007**; defendant shall file her response brief on or before **March 22, 2007**; and plaintiff may file a reply on or before **April 6, 2007**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge